STERLING SHOE CORPORATION, Plaintiff, *v.* WEISS & KLAU Co., Defendant.

Supreme Court, Special Term, New York County, November 4, 1954.

*Alexander Henkin* for plaintiff.

*Harry Malter* for defendant.

MATTHEW M. LEVY, J.   This is a motion by plaintiff, pursuant to rules 103 and 109 of the Rules of Civil Practice to strike the fourth defense from the answer.   According to the complaint, plaintiff is a manufacturer of shoes; defendant sells plastic-coated materials to shoe manufacturers; plaintiff purchased from defendant a number of yards of material consisting of vinyl laminated to paper, which defendant warranted as merchantable and fit for socklining to be used by plaintiff in the manufacture of shoes; plaintiff integrated the material in its shoes and sold and delivered them to various customers; the latter returned the shoes because of latent defects in the material obtained from defendant.   Plaintiff sues defendant for damages for alleged breach of warranties of merchantability and fitness. For a fourth affirmative and complete defense, defendant alleges in its answer that the material purchased by plaintiff from defendant and used by plaintiff as socklining, and the shoes which plaintiff manufactured, were marked by plaintiff as '' Genuine Imported East India Water Buffalo '' and were so represented by plaintiff to its customers and to the public; that in fact they were not made of that material, but of substantially inferior and cheaper material, as plaintiff well knew; that the marking of the shoes constituted misbranding, in violation of law; that by reason thereof, it would be against public policy for plaintiff to recover upon its cause of action; and that therefore plaintiff is barred and estopped from bringing its action against defendant.

The defense in my view is insufficient on its face as a matter of law, and the motion to strike it is granted.   If, as suggested by the defendant, the shoes were returned by the plaintiff's customers (and in consequence the plaintiff did not realize the expected profits sued for by it) not because of any lack of quality of the defendant's material but because of the plaintiff's misbranding, that issue is presented upon the denial.   But the defense here attacked does not present that issue — it asserts '' public policy '' as the ground for defeating the plaintiff's action, that is, that the plaintiff's violation of law or its '' unclean hands '' or its lack of '' square dealing '' should defeat its claim.

This is not a case of claimed illegality of the contract between the parties, in which case, of course, the court is normally persuaded to deny aid to one party as against the other. Nor is this a case where a plaintiff is suing his purchaser on a contract involving merchandise which the buyer claims was misbranded by the plaintiff and then delivered to the buyer. This is an action in which the plaintiff is suing its seller on a contract involving material which the vendor claims the plaintiff has thereafter mislabeled and disposed of to other persons. It may be, as claimed by the defendant, that the plaintiff's conduct is reprehensible, but that does not excuse the defendant from its own breach of contract. As Mr. Justice HOLMES put it, " the defects of a plaintiff do not offer a very broad ground for allowing another to swindle him" (*Coca-Cola Co.* v. *Koke Co.,* 254 U. S. 143, 145). And in the case at bar, the plaintiff's claimed misconduct with respect to the material is a matter in which the defendant personally has no legal concern.

Even in a suit in equity (which this is not) there must be such relationship between the alleged unlawful or inequitable conduct and the subject matter of the litigation as to warrant a claim of some injury to the party who defends upon the ground of public policy as embodied in the concepts of unclean hands, unfair dealing or the like (2 Pomeroy on Equity Jurisprudence [5th ed.], § 399, p. 99; 4 A.L.R. 58-59). That the goods which the plaintiff sold to others are the same which the plaintiff bought from the defendant, does not, without more, give to the defendant an interest in the plaintiff's conduct with respect to those goods in relation to others than the defendant.

The defendant does not cite any statute which provides that one who misbrands the merchandise he sells is thereby placed beyond the pale of the law in a controversy arising out of a claimed breach of contract between him and the one from whom the merchandise was purchased by him. Nor has it cited any decision in support of its contention that public policy in a situation such as this requires a holding that the defendant's own breach of warranty *vis-a-vis* the plaintiff must be forgiven because of the plaintiff's inequitable or unlawful conduct in relation to others. The cases relied upon by the defendant are not in point.

Order signed.